IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| ALANNA T. MITCHELL, | : | Case No. 25-12261 (DJB) |
| | : | |
| Debtor. | : | |
| | : | |

**STIPULATION RESOLVING TURNOVER OF VEHICLE AND REQUEST OF POLICE AND FIRE FEDERAL CREDIT UNION FOR ADEQUATE PROTECTION**

WHEREAS, on June 4, 2025 (the "Petition Date"), Alanna T. Mitchell (the "Debtor") filed an individual voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code");

WHEREAS, prior to the Petition Date, Debtor was indebted to PFFCU pursuant to a motor vehicle financing Loan Agreement obtained by the Debtor on August 14, 2020. This financing is secured by a 2020 Mazda CX-5, VIN JM3KFBCM0L0732531 (the "Vehicle");

WHEREAS, prior to the Petition Date, on May 20, 2025, PFFCU repossessed the Vehicle due to the Debtor's failure to make payments to PFFCU as they came due pursuant to the Loan Agreement;

WHEREAS, as of the Petition Date, the Debtor owes $1,295 in repossession and storage fees, $646.66 in prepetition arrears (not including repossession and storage fees, but including $30 in prepetition late fees), and a loan balance of $5,144.27, which will be reflected in a proof of claim filed by PFFCU;

WHEREAS, to avoid the costs associated with PFFCU filing a motion for adequate protection, the Debtor filing a turnover motion and further litigation, the Parties have agreed to

#125052421v1
#125055314v1

stipulate to turnover of the Vehicle to the Debtor and preconfirmation adequate protection payments being made to PFFCU on the terms set forth herein.

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed as follows:

1. The Debtor and PFFCU agree that the Debtor shall pay the repossession and storage fees to PFFCU over a period of four months from funds being gifted to the Debtor by her mother, each payment being in the amount of $323.75 and, upon PFFCU's receipt of the first such payment, PFFCU shall provide the Debtor with release instructions for the Vehicle.

2. The Debtor and PFFCU agree that PFFCU shall receive a pre-confirmation distribution in the amount of $100 per month from monies paid by the Debtor to the Chapter 13 Trustee, retroactive to the Petition Date, and continuing until the Debtor's Chapter 13 Plan, is confirmed, which shall be applied to the loan balance owed by the Debtor to PFFCU that will be paid in full through the Debtor's Chapter 13 plan.

3. Following confirmation of the Plan, distributions shall be made to PFFCU as provided in the confirmed Plan.

4. The Debtor shall maintain insurance coverage on the Vehicle as required by Pennsylvania law, naming PFFCU as the lienholder.

5. Each of the signatories to this Stipulation acknowledges and represents that his or her respective client has reviewed this Stipulation and has authorized the execution of same by undersigned counsel.

6. Should the Debtor fail to comply with any of the terms of this Stipulation or fail to make payments to the Chapter 13 Trustee sufficient for disbursements to be made to PFFCU as provided herein, counsel for PFFCU may serve counsel to the Debtor with a notice of default

and Debtor shall have ten (10) days from the receipt thereof to cure the default in full or PFFCU may, without further notice, file a Certification of Default with the Court.  The Debtor shall not oppose such Certification other than on the basis that the default has been cured prior to the Certification having been filed. Upon entry of the Certification of Default, the Court shall enter an order granting relief from the automatic stay as to the Vehicle.

7. If the instant bankruptcy case is terminated by either dismissal, conversion or discharge other than pursuant to 11 U.S.C. § 1328(a), this Stipulation shall be null and void and not binding upon the Parties and the Parties shall be returned to their respective positions prior to the execution of this Stipulation.

8. This Stipulation may be executed by facsimile and/or e-mail and such facsimile and/or e-mail signatures shall be deemed originals.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

#125052421v1
#125055314v1

| | |
|---|---|
| CONSENTED TO BY: | DILWORTH PAXSON LLP |
| DATED: June 16, 2025 | /s/ Anne M. Aaronson<br>Anne M. Aaronson, Esquire<br>*Attorney for PFFCU* |
| CONSENTED TO BY: | CIBIK LAW OFFICES |
| DATED: June 10, 2025 | /s/ Michael A. Cibik<br>Michael Cibik, Esquire<br>*Attorney for Debtor* |
| WITHOUT OBJECTION TO TERMS, WITHOUT PREJUDICE TO CHAPTER 13 TRUSTEE'S RIGHTS AND REMEDIES: | KENNETH E. WEST, Chapter 13 Trustee |
| DATED: June 16, 2025 | /s/ LeeAne O. Huggins<br>Kenneth E. West, Trustee |

**Date: June 24, 2025**

_____
Honorable Derek J. Baker
United States Bankruptcy Court

#125052421v1
#125055314v1